**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IBRAHIM ALIM,<br><br>PLAINTIFF,<br><br>vs.<br><br>CLEVELAND CLINIC FOUNDATION, *et al.*,<br><br>DEFENDANTS. | ) | CASE NO. 1:26-cv-01242-MJH<br><br>JUDGE MICHAEL J. HENDERSHOT<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CLEVELAND CLINIC POLICE DEPARTMENT'S MOTION TO DISMISS |

Plaintiff Ibrahim Alim sued the Cleveland Clinic Foundation, the Cleveland Clinic Police Department, and others, claiming that they violated the Fourth Amendment and various Ohio statutes and common-law doctrines. The Department responded that it is not sui juris and moved to dismiss. [R.21.] In English, the Department argues that it cannot sue or be sued. For the reasons outlined below, the Court grants the motion.

One preliminary note. Although the docket labels one of Alim's filings a "reply" to this motion to dismiss, Alim titled that filing as a reply supporting his requested preliminary injunction. [R.27.] Beyond the title, that filing addresses the preliminary injunction alone and does not engage with the Department's argument that it is not suable. [*See id.*] So in name and in substance, Alim has not addressed the Department's motion to dismiss.

Perhaps Alim's silence is prescient. The Sixth Circuit often holds that subunits of suable entities, both public and private, are not themselves suable. *See, e.g.*, *Carmichael v. City of Cleveland*, 571 Fed. Appx. 426, 435 (6th Cir. 2014) (county sheriff's department); *Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 891 (6th Cir. 2025) (private campus police department). And courts in this District apply that rule to private hospitals' police departments. *See, e.g.*, *King-Malone v. King*, No. 5:25-cv-1776, 2025 WL 3250904, at *5 (N.D. Ohio Nov. 21, 2025). Likewise here. The Department is merely a unit of the Clinic, and Alim points to no statute making it suable under Ohio law. In fact, the statute authorizing hospitals to have a police force does not say that such departments are suable. *See* R.C. 4973.17(D). So, the Department cannot "sue or be sued." *King-Malone*, 2025 WL 3250904, at *5.

When a litigant sues a non-suable entity, the complaint fails the plausibility threshold tested in a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (plausibility threshold). And the Sixth Circuit and courts in this District frequently affirm or grant relief for that exact reason. *See, e.g.*,

*Sullivan v. Hamilton Cnty. Ct. of Common Pleas*, No. 23-3734, 2024 WL 4109396, at *3 (6th Cir. July 29, 2024) (county court); *Brinkley v. Ne. Ohio Corr. Ctr.*, No. 4:26-cv-557, 2026 WL 2279333, at *2 (N.D. Ohio Aug. 7, 2026) (private prison facility); *Urb. Necessities 1 Stop Shop v. City of Cleveland*, No. 1:22-cv-2014, 2023 WL 6383825, at *2-3 (N.D. Ohio Sept. 29, 2023) (city departments). Alim's claim against the Department fits that mold.

Because the Department cannot be sued, any amendment Alim might make to the complaint regarding the Department would be futile. And that futility counsels dismissing the Department with prejudice. *See Warman*, 144 F.4th at 886, 892. Therefore, the Court **grants** the Department's motion and **dismisses** it from this action.

**SO ORDERED**

Dated: October 13, 2026

*s/ Michael J. Hendershot*

**HONORABLE MICHAEL J. HENDERSHOT**
**UNITED STATES DISTRICT COURT**